UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA AVILA, *individually and on behalf of others similarly situated,*<br><br>　　　　　　　　　*Plaintiff,*<br><br>　　-against-<br><br>COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) and RUFINO ZAPATA,<br><br>　　　　　　　　　*Defendants.* | **15 CV 06073**<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**GENERAL RELEASE** |

This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff TERESA AVILA ("Plaintiff") on the one hand, and COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) (the "Defendant Corporation" or "Company") and RUFINO ZAPATA, (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that she worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 15-CV-06073 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of

Twenty Two Thousand Five Hundred Dollars and Zero Cents (**$22,500.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in three ("3") installments, as follows:

(a)    Installment One: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for deposit thirty days (30) after court approval delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(b)    Installment Two: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for deposit ninety days (90) after first installment payment is made, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

(c)    Installment Three: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for deposit one hundred and fifty days (150) after the first installment payment is made, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel.

All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165.

Plaintiff and her counsel shall be solely responsible for any and all taxes resulting from payments received under this Settlement Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff and or her counsel, Plaintiff and her counsel shall indemnify and hold Defendants harmless for any failure of Plaintiff or her counsel to pay taxes on any payments received from Defendants pursuant to this Settlement Agreement.

2(a).   <u>Confession of Judgment</u>: Concurrently with the execution of this Agreement, Defendants Coatzingo Bakery & Mexican Products Corp. (d/b/a Coatzingo Bakery), and Rufino Zapata shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as **Exhibit A through Exhibit B** respectively. The Parties hereby acknowledge and agree that the Confession of Judgments will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, <u>and</u> (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice (to be delivered to Defendants via their counsel, Benjamin M. Pinczewski, Esq. at Pinczewski & Shpelfogel, P.C., at 2753 Coney Island Avenue, 2nd Floor Brooklyn, New York 11235). Any such Notice of Default shall be deemed received seven (7) business days after it is mailed.

3.   <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and

unconditionally releases from, and forever discharges and covenants not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within seven (7) days of receipt of the executed Settlement Agreement and payment in accordance with paragraph 1, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit C**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of the Plaintiff and Defendants.

7. <u>Acknowledgment</u>: Plaintiff acknowledges that she has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620

Email: michael@faillacelaw.com

To Defendants:

Benjamin M. Pinczewski, Esq.
Pinczewski & Shpelfogel, P.C.
2753 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Tel: (718-891-8200)
Fax: (718-891-5600)
Email: ben.pinczewski@verizon.net

9.     Governing Law:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the Supreme Court of the State of New York, County of New York, in any subsequent proceeding to enforce this Agreement.

10.     Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants request shall result in Plaintiff's full return to Defendants of the full amounts paid under this Agreement.

11.     Release Notification: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that she has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with her attorneys. Plaintiff confirms that this Settlement Agreement and General Release has been translated to her in Spanish and that she understands the terms of this Agreement and that she is signing this Agreement voluntarily. Plaintiff acknowledges that she has been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that she fully understands and agrees to all of its terms.

12.     Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

[THIS SECTION IS INTENTIONALLY LEFT BLANK]

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFF:**

By: _____
TERESA AVILA

**DEFENDANTS:**

COATZINGO BAKERY & MEXICAN PRODUCTS CORP
(d/b/a COATZINGO BAKERY)

By:_____

Print Name _____

Title:_____

By: _____
RUFINO ZAPATA

6

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------

| | | |
|---|---|---|
| TERESA AVILA, *individually and on behalf of others similarly situated,* | : | Index No.: |
| | : | |
| | : | **AFFIDAVIT OF CONFESSION OF** |
| *Plaintiff,* | : | **JUDGMENT** |
| | : | |
| -against- | : | |
| | : | |
| COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) and RUFINO ZAPATA, | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

------------------------------------- x


STATE OF NEW YORK        )
                                    : ss.:
COUNTY OF                      )

      RUFINO ZAPATA, being duly sworn, deposes and says:

    1.    I reside in _____ County,_____.

    2.    Pursuant to the terms of the Settlement Agreement and General Release by and between TERESA AVILA ("Plaintiff") and COATZINGO BAKERY & MEXICAN PRODUCTS CORP (d/b/a COATZINGO BAKERY), and RUFINO ZAPATA (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against me individually and in favor of Plaintiff for the sum of TWENTY TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($22,500.00), less any payments made under the settlement agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of TWENTY TWO THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($22,500.00) to Plaintiff through three installment payments.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $22,500.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, RUFINO ZAPATA.

_____

RUFINO ZAPATA

Sworn to before me this
_____ day of July 2016

_____

Notary Public

9

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – –

TERESA AVILA, *individually and on behalf of others*   : <div style="text-align:right">Index No.:</div>
*similarly situated,*

                                        :

                      *Plaintiff,*      :

                                          :

            -against-          :

                                          :

COATZINGO BAKERY & MEXICAN PRODUCTS  :
CORP, (d/b/a COATZINGO BAKERY) and RUFINO  :
ZAPATA,

                                          :

                     *Defendants.*   :

                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Index No.:**

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                          : ss.:
COUNTY OF _____    )

      RUFINO ZAPATA, being duly sworn, deposes and says:

    1.     I reside in _____, _____.

    2.     I am the President of COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY). I am duly authorized to make this affidavit of confession of judgment on behalf COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY).

    3.     COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY), maintains its principal place of business in Queens County at 76-11 Roosevelt Avenue, Jackson Heights, New York 11372.

    4.     Pursuant to the terms of the Settlement Agreement and General Release by and between TERESA AVILA, ("Plaintiff") and COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY), and RUFINO ZAPATA (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) in favor of Plaintiff for the sum of TWENTY TWO THOUSNAD FIVE HUNDRED DOLLARS and ZERO CENTS ($22,500.00), less any payments made under the settlement agreement.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $22,500.00 to Plaintiff through three installment payments.

6.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $22,500.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY).

COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY).

By: _____
                    RUFINO ZAPATA
                    Title: President

STATE OF _____ )
                   : ss.:
COUNTY OF _____ )

On _____, 2016, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) and was authorized to do so.

_____
      Notary Public

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TERESA AVILA, *individually and on behalf of others*
*similarly situated,*

                          *Plaintiff,*                          15 CV 06073

          -against-

COATZINGO BAKERY & MEXICAN PRODUCTS              **STIPULATION OF DISMISSAL**
CORP, (d/b/a COATZINGO BAKERY) and RUFINO        **WITH PREJUDICE**
ZAPATA,

                          *Defendants.*

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for

the parties, that the Complaint and any and all claims that were or could have been asserted in

this action by any party are hereby dismissed in their entirety, with prejudice, and with each

party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date:  New York, New York
       July ___, 2016



Benjamin M. Pinczewski, Esq.              Michael A. Faillace, Esq.
Pinczewski & Shpelfogel, P.C.             **MICHAEL FAILLACE & ASSOCIATES,**
2753 Coney Island Avenue, 2nd Floor       **P.C.**
Brooklyn, New York 11235                  60 East 42nd. St. Suite 2540
*Attorney for Defendants*                 New York, NY 10165
                                          *Attorneys for Plaintiff*

14

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TERESA AVILA, *individually and on behalf of others similarly situated*,

<div style="text-align:center">*Plaintiff*,</div>

-against-

COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) and RUFINO ZAPATA,

<div style="text-align:center">*Defendants*.</div>

**15 CV 06073**

**SETTLEMENT AGREEMENT**
**AND**
**GENERAL RELEASE**

Este Acuerdo de Liquidación y Liberación General de las reclamaciones ( "Contrato") sera entrado por y entre el demandante TERESA AVILA ( "Demandante"), por una parte, y COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b /a Coatzingo Bakery) ( el "demandado Corporación" o "Compañía") y RUFINO ZAPATA, (el "Demandado individual") (colectivamente el acusado Corporación y el demandado individual son los "Demandados"), por el otro lado.

POR CUANTO, el demandante alega que trabajó para los acusados como un empleado; y

POR CUANTO, ha surgido una controversia en relación con el supuesto empleo del demandante y los términos del mismo, que disputa ha dado lugar a la presentación de una acción en la Corte de Distrito de los Estados Unidos para el Distrito Este de Nueva York, Acción Civil Nº: 15-CV-06073 (en adelante al "litigio"), alegando, entre otras cosas, una violación de los salarios federales y estatales y las leyes de horas y horas extras;

POR CUANTO, demandados niegan cualquier violación del salario federal y estatal y las leyes de horas y horas extras; y

POR CUANTO, las partes desean resolver sus disputas sin la necesidad de un litigio adicional;

POR TANTO, en consideración de los acuerdos y promesas contenidas en el presente documento y otros bienes y valores, la recepción de la cual se reconoce el presente, se llega a un acuerdo de la siguiente manera:

1. <u>Pago</u>: Los acusados deberán pagar o causar que se pagarán al demandante, sujeto a los términos y condiciones de este Acuerdo, y como plena, completa, y la liquidación final y la satisfacción final de cualquier y todas las demandas o reclamaciones potenciales demandante

puede tener en contra de los acusados hasta la fecha efectiva de este Acuerdo, incluyendo todos los honorarios de los abogados y los costos incurridos por el demandante, la suma bruta de Veintidós mil quinientos dólares y cero centavos ($ 22,500.00) (el "Importe de Liquidación") que se pagarán a los abogados del demandante en tres plazos ( "3"), de la siguiente manera:

(A)     Cuota Uno: Un cheque con fecha posterior en la cantidad de siete mil quinientos dólares y cero centavos ($ 7,500.00) a nombre de "Michael A. Faillace, Esq., como Abogado para el demandante," para el depósito de los treinta días (30) después de la aprobación de la Corte entregado al abogado del demandante la firma de los documentos de liquidación. Determinación de la parte del demandante, honorarios de abogados y costos, es responsabilidad exclusiva de la demandante y su abogado.

(B)     Cuota Dos: Un cheque con fecha posterior en la cantidad de siete mil quinientos dólares y cero centavos ($ 7,500.00) a nombre de "Michael A. Faillace, Esq, como Abogado para el demandante," para el depósito de los noventa días (90) después de que se hizo por primera vez el pago a plazos, entregado a los abogados del demandante la firma de los documentos de liquidación. Determinación de la parte del demandante, honorarios de abogados y costos, es responsabilidad exclusiva de la demandante y su abogado.

(C)     Cuota Tres: Un cheque con fecha posterior en la cantidad de siete mil quinientos dólares y cero centavos ($ 7,500.00) a nombre de "Michael A. Faillace, Esq, como Abogado para el demandante." Para el depósito de ciento cincuenta días (150) después de que se hizo el primer pago, entregado al abogado del demandante la firma de los documentos de liquidación. Determinación de la parte del demandante, honorarios de abogados y costos, es responsabilidad exclusiva de la demandante y su abogado.

Todos los pagos establecidos anteriormente deberán ser entregados a la oficina de Michael Faillace & Associates, P. C. a la atención de Michael Faillace, Esq., 60 East 42nd Street, Suite 2540, New York, NY 10165.

Demandante y su abogado será el único responsable de cualquier y todos los impuestos resultantes de los pagos recibidos virtud de este arreglo, y en el caso de una auditoría de los acusados por cualquier autoridad fiscal en relación con los pagos a demandante y su defensor, demandante y su abogado indemnizarán los acusados y mantenga inofensivos para cualquier fallo de demandante o su abogado que pagar impuestos sobre los pagos recibidos de los demandados en virtud del presente Acuerdo.

2 (a).     Confesión del Juicio: Al mismo tiempo de la ejecución de este Acuerdo, los acusados Coatzingo Bakery & Mexican Products Corp. (d/ b/a Coatzingo Bakery), y Rufino Zapata harán ejecutar y entregar las confesiones a el abogado del demandante de juicio ("Confesiones de Juicio") en el formato que se adjunta al presente como anexo a la Prueba A y Prueba B, respectivamente. Las Partes reconocen y aceptan que la Confesión de Juicio se llevará a cabo en depósito por los abogados del demandante, y no serán introducidos y / o presentados en cualquier momento que no sea (i) en el caso de que los demandados no pueden hacer cualquiera de las cuotas pagos según lo expuesto anteriormente, y (ii) Los acusados no pueden curar dicho incumplimiento dentro de los siete (7) días hábiles siguientes a la recepción de la notificación

por escrito (para ser entregado a los demandados a través de su abogado, Benjamin M. Pinczewski, Esq. at Pinczewski y Shpelfogel, PC, at 2753 Coney Island Avenue, 2nd Floor Brooklyn, New York 11235). Cualquier notificación de incumplimiento se considerará recibido siete (7) días hábiles después de que se envía por correo.

3.    Liberación y el convenio de no demandar: Demandante irrevocable e incondicionalmente de lanzamientos, y para siempre vertidos y convenios de no demandar a los Demandados, y para cada uno de ellos, sus herederos, sucesores, cesionarios, afiliados, organizaciones matrices, subsidiarias, directores, propietarios , accionistas, miembros, agentes, abogados, representantes legales y administradores, cualquier y todos los cargos, quejas, reclamos, causas de acción, demandas, deudas, embargos, contratos, derechos, demandas, controversias, pérdidas, costos y o gastos, incluyendo legal honorarios y cualquier otra responsabilidad de cualquier tipo o naturaleza, conocidos o desconocidos, sospechados o insospechados, ya sea fijo o contingente (en lo sucesivo, "reclamación" o "reclamaciones") que el demandante en ningún momento ha, tenido, reclamaciones o afirmaba tener en contra de los acusados específicamente relacionadas con las reclamaciones en el litigio que se han producido a partir de la fecha efectiva de este Acuerdo. Del mismo modo, los acusados liberar y demandante de descarga de cualquier y todas las reclamaciones conocidas y pasivos de cualquier naturaleza que tienen, tuvieron o afirmaba tener contra el demandante relativa específicamente a las reclamaciones en el litigio que se han producido a partir de la fecha efectiva de este Acuerdo.

4.    No admisión de culpabilidad: Este Acuerdo y el cumplimiento del presente Acuerdo no se interpretará como una admisión por parte de los acusados en responsabilidad alguna, o de cualquier violación de cualquier ley, reglamento, deber, contrato, derecho u orden.

5.    El despido del Litigio: El demandante deberá presentar, dentro de los siete (7) días siguientes a la recepción del Acuerdo de Solución ejecutado y el pago de conformidad con el párrafo 1, una estipulación de Sobreseimiento (en forma de Anexo C, mediante el cual se incorpora a este acuerdo por referencia) con la Corte en esta acción. En el caso de que se necesita documentación adicional para terminar el Contencioso, el demandante deberá ejecutar y presentar todos los documentos necesarios para poner fin a tales procedimientos.

6.    Modificación del Acuerdo: El presente Acuerdo no se puede cambiar a menos que los cambios son por escrito y firmado por un representante apropiado de la demandante y demandados.

7.    Reconocimiento: El demandante reconoce que ella se ha representado plenamente y con justicia por un abogado en esta materia. Los demandados reconocen que han consultado con un abogado para el propósito de este Acuerdo.

Demandante y Demandados reconocen que no están confiando en ninguna declaración, representación o promesa en la ejecución de este Acuerdo, excepto para las declaraciones, representaciones o promesas se encuentren expresamente en este Acuerdo. Ellos también reconocen y aceptan que la única consideración para la firma de este Acuerdo es como se establece en el presente Acuerdo.

8.    <u>Notificaciones</u>: Las notificaciones requeridas en virtud del presente Acuerdo se harán por escrito y se entenderá realizada en el primer día hábil siguiente correo de primera clase y la transmisión electrónica de los mismos. Aviso a continuación deberá ser entregada a:

Para Demandante:

Michael Faillace, Esq.
MICHAEL Faillace & Associates, P. C.
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
E-mail: michael@faillacelaw.com

Para Demandados:

Benjamin M. Pinczewski, Esq.
Pinczewski y Shpelfogel, P. C.
2753 Coney Island Avenue, 2nd Floor
Brooklyn, Nueva York 11235
Tel: (718-891-8200)
Fax: (718-891-5600)
E-mail: ben.pinczewski@verizon.net

9.    <u>Legislación aplicable</u>: Este Contrato se regirá e interpretará de acuerdo con las leyes del Estado de Nueva York, con exclusión de los principios de conflicto de leyes del mismo. Las partes aceptan y estipulan a la jurisdicción personal de la Corte Suprema del Estado de Nueva York, condado de Nueva York, en cualquier procedimiento posterior para hacer cumplir este Acuerdo.

10.    <u>Exigibilidad</u>: Si alguna disposición de este Acuerdo es considerada ilegal, nula o inejecutable, dicha disposición será de ninguna fuerza o efecto. Sin embargo, la ilegalidad o inaplicabilidad de dicha disposición no tendrá efecto sobre, y no perjudicará la legalidad o aplicabilidad de cualquier otra disposición de este Acuerdo, a condición, sin embargo, que sobre cualquier conclusión de un tribunal de jurisdicción competente o un árbitro que una liberación o renuncia a las reclamaciones o derechos o un pacto establecido aquí es ilegal, nula o no ejecutable, el demandante se compromete a ejecutar con prontitud un comunicado, la renuncia y/o pacto que es legal y aplicable. Un fallo por el demandante para ejecutar un lanzamiento válido y ejecutable dentro de los veintiún (21) días siguientes a la petición demandados dará lugar a la devolución total del demandante a los acusados de los importes totales pagados en virtud del presente Acuerdo.

11.    <u>Estreno de Notificación</u>: Los Demandados han aconsejado a la Demandante para discutir los términos de este Acuerdo y la liberación de reclamaciones con su abogado y la demandante reconoce que se ha consultado con Michael Faillace, Esq. de Michael Faillace & Associates, PC, la demandante reconoce que es su decisión de renunciar a posibles reclamaciones a cambio de

los beneficios establecidos en este documento y que se tomó esta decisión después de una cuidadosa reflexión y un período razonable de tiempo para considerar el presente Acuerdo, y después de la oportunidad de consultar con sus abogados. El demandante confirma que este Acuerdo de Solución y Liberación General ha sido traducido a ella en español y que entiende los términos de este Acuerdo y que ella es la firma de este Acuerdo de forma voluntaria. El demandante reconoce que se le ha dado la oportunidad de examinar el presente Acuerdo por lo menos veintiún (21) días, y que ella entiende completamente y está de acuerdo en todos sus términos.

12.    <u>Las contrapartes:</u> Para indicar su acuerdo con los términos de este Acuerdo y Liberación General, las partes han ejecutado este Acuerdo en la fecha establecida junto a sus firmas, que aparecen a continuación. El presente Acuerdo podrá ser ejecutado en dos o más ejemplares y cada una de dichas contrapartes, a todos los efectos, se considerará como un original, pero todas esas contrapartes juntas constituirán sino uno y el mismo instrumento, vinculante para todas las partes del mismo, sin perjuicio de que todas estas partes pueden no haber ejecutado la misma contraparte. Este acuerdo también puede ser ejecutado por fax.

[ESTA SECCIÓN SE deja en blanco]

POR TANTO, las partes de este acuerdo ahora voluntariamente y con conocimiento ejecutar este Acuerdo de la siguiente manera:

DEMANDANTE:

Por: _____
        TERESA AVILA

DEMANDADOS:

COATZINGO BAKERY & MEXICAN PRODUCTS CORP.
(d/b/a Coatzingo Bakery)

Por:_____

Imprimir Nombre _____

Título:_____

Por: _____
        RUFINO ZAPATA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

— — — — — — — — — — — — — — — — — — — — — — — — —

TERESA AVILA, *individually and on behalf of others* :     Index No.:
*similarly situated,*                                      :
                                                          :     **AFFIDAVIT OF CONFESSION OF**
                                   *Plaintiff,*            :     **JUDGMENT**
                                                          :
                -against-                                  :
                                                          :
COATZINGO BAKERY & MEXICAN PRODUCTS            :
CORP, (d/b/a COATZINGO BAKERY) and RUFINO     :
ZAPATA,                                        :
                                                          :
                                   *Defendants.*           :
                                                          :
— — — — — — — — — — — — — — — — — — — — — — — —   x


STATE OF NEW YORK          )
                           : ss.:
COUNTY OF _____   )


RUFINO ZAPATA, siendo jurado, declara y dice:

1.     Me residen en el Condado de _____, _____.

2.     De conformidad con los términos del Acuerdo de conciliación y Liberación General por y
entre TERESA AVILA ( "Demandante") y COATZINGO BAKERY & MEXICAN
PRODUCTS CORP. (d/b/a Coatzingo Bakery), y RUFINO ZAPATA (cada uno un "acusado" y
colectivamente, "Demandados"), a la que se adjunta esta declaración jurada, por la presente
confieso juicio y autorizar la entrada de los mismos en el Condado de Nueva York contra mí
individualmente y en favor de la demandante por la cantidad de veintidós mil quinientos dólares
y cero centavos ($ 22,500.00) , menos los pagos efectuados en el marco del acuerdo de solución.

3.     Esta declaración jurada de la confesión del juicio es por una deuda justamente debido a la
demandante en virtud de los términos del Acuerdo de conciliación, a la que se adjunta esta
declaración jurada, que establece que los demandados deben presentar una suma total de
veintidós mil quinientos dólares y cero centavos ($22,500.00) a través de tres pagos.

4.     Esta declaración jurada se hace a título oneroso, la suficiencia de la que reconoce a favor de
los acusados, incluyendo, sin limitación, los términos y disposiciones del Acuerdo de
conciliación.

5.     Por la presente representar a mi entendimiento de que en caso de incumplimiento del

Acuerdo de conciliación y el fracaso para curar demandados, esta Confesión de sentencia debe ser protocolizado y entró en la Corte Suprema del Estado de Nueva York, Condado de Nueva York, como un juicio de $ 22,500.00 (menos las cantidades ya abonadas al demandante de conformidad con el calendario de arriba), en contra de mí, RUFINO ZAPATA.

_____ .
RUFINO ZAPATA

Jurado ante mí este
\_\_\_\_ Días del mes de julio el año 2016

_____
Notario público

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

— — — — — — — — — — — — — — — — — — — — — — — — — —

TERESA AVILA, *individually and on behalf of others* :
*similarly situated,*

                                 *Plaintiff,*

              -against-

COATZINGO BAKERY & MEXICAN PRODUCTS
CORP, (d/b/a COATZINGO BAKERY) and RUFINO
ZAPATA,

                              *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK      )
                           : ss.:
COUNTY OF _____  )

RUFINO ZAPATA, siendo jurado, declara y dice:

1.    Yo resido en _____, _____.

2.    Soy el Presidente de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery). Estoy debidamente autorizado para hacer esta declaración jurada de la confesión del juicio en nombre de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery).

3.    COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery), mantiene su centro de actividad principal en el condado de Queens en 76-11 Roosevelt Avenue, Jackson Heights, Nueva York 11372.

4.    De conformidad con los términos del Acuerdo de conciliación y Liberación General por y entre TERESA AVILA, ( "Demandante") y COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery), y RUFINO ZAPATA (cada uno un "Acusado "y colectivamente," Demandados "), a la que se anexarán a la presente declaración jurada, por la presente confieso juicio y autorizar la entrada de los mismos en el Condado de Nueva York en contra de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) a favor de la demandante para la suma de veintidós mil quinientos dólares y cero centavos ($ 22,500.00), con deducción de los pagos realizados en el marco del acuerdo de solución.

5.    Esta declaración jurada de la confesión del juicio es por una deuda justamente debido a la demandante en virtud de los términos del Acuerdo de conciliación, a la que se adjunta esta declaración jurada, que establece que los demandados deben presentar una suma total de $22,500.00 al demandante a través de tres pagos a plazos.

6.    Esta declaración jurada se hace a título oneroso, la suficiencia de la que reconoce a favor de los acusados, incluyendo, sin limitación, los términos y disposiciones del Acuerdo de conciliación.

7.    Por la presente representar a mi entendimiento de que en caso de incumplimiento del Acuerdo de conciliación y el fracaso para curar demandados, esta Confesión de sentencia debe ser protocolizado y entró en la Corte Suprema del Estado de Nueva York, Condado de Nueva York, como un juicio de $22,500.00 (menos las cantidades ya abonadas al demandante de conformidad con el esquema anterior), en contra COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery).

                    COATZINGO BAKERY & MEXICAN PRODUCTS CORP,
                    (d/b/a Coatzingo Bakery).


                  Por: _____
                      Título RUFINO ZAPATA: Presidente


ESTADO DE _____ ): SS

CONDADO DE _____ )

En 2016, antes que yo personalmente llegué _____, que me conozcan, que, por mí debidamente juramentado, hizo declarará y decir que declarante reside en _____, que declarante es el Presidente de Coatzingo Bakery & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) no se haya descrito en este documento, y que declarante ejecuta la declaración jurada anterior de la confesión del juicio en nombre de Coatzingo Bakery & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) y fue autorizado para hacerlo.


_____
      Notario público

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $22,500.00 to Plaintiff through three installment payments.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $22,500.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY).

<div style="margin-left:40%">

COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY).

By: _____
        RUFINO ZAPATA
        Title: President

</div>

STATE OF _____ )
                                        : ss.:
COUNTY OF _____ )

On _____, 2016, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the President of COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a COATZINGO BAKERY) and was authorized to do so.

_____
        Notary Public

12

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $22,500.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against me, RUFINO ZAPATA.

_____
RUFINO ZAPATA

Sworn to before me this
_____ day of July 2016


_____
Notary Public

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**PLAINTIFF:**

By: _____
        TERESA AVILA

**DEFENDANTS:**

COATZINGO BAKERY & MEXICAN PRODUCTS CORP
(d/b/a COATZINGO BAKERY)

By:_____

Print Name _____

Title:_____

By: _____
        RUFINO ZAPATA

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------

| | |
|---|---|
| TERESA AVILA, *individually and on behalf of others similarly situated,* : | Index No.: |
| : | **AFFIDAVIT OF CONFESSION OF** |
| *Plaintiff,* : | **JUDGMENT** |
| : | |
| -against- : | |
| : | |
| COATZINGO BAKERY & MEXICAN PRODUCTS : | |
| CORP, (d/b/a COATZINGO BAKERY) and RUFINO : | |
| ZAPATA, : | |
| : | |
| *Defendants.* : | |
| : | |

------------------------------------ x

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF _____   )

RUFINO ZAPATA, siendo jurado, declara y dice:

1.   Yo resido en Quern, NY.

2.   Soy el Presidente de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery). Estoy debidamente autorizado para hacer esta declaración jurada de la confesión del juicio en nombre de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery).

3.   COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery), mantiene su centro de actividad principal en el condado de Queens en 76-11 Roosevelt Avenue, Jackson Heights, Nueva York 11372.

4.   De conformidad con los términos del Acuerdo de conciliación y Liberación General por y entre TERESA AVILA, ( "Demandante") y COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery), y RUFINO ZAPATA (cada uno un "Acusado "y colectivamente," Demandados "), a la que se anexarán a la presente declaración jurada, por la presente confeso juicio y autorizar la entrada de los mismos en el Condado de Nueva York en contra de COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) a favor de la demandante para la suma de veintidós mil quinientos dólares y cero centavos ($ 22,500.00), con deducción de los pagos realizados en el marco del acuerdo de solución.

5.     Esta declaración jurada de la confesión del juicio es por una deuda justamente debido a la demandante en virtud de los términos del Acuerdo de conciliación, a la que se adjunta esta declaración jurada, que establece que los demandados deben presentar una suma total de $22,500.00 al demandante a través de tres pagos a plazos.

6.     Esta declaración jurada se hace a título oneroso, la suficiencia de la que reconoce a favor de los acusados, incluyendo, sin limitación, los términos y disposiciones del Acuerdo de conciliación.

7.     Por la presente representar a mi entendimiento de que en caso de incumplimiento del Acuerdo de conciliación y el fracaso para curar demandados, esta Confesión de sentencia debe ser protocolizado y entró en la Corte Suprema del Estado de Nueva York, Condado de Nueva York, como un juicio de $22,500.00 (menos las cantidades ya abonadas al demandante de conformidad con el esquema anterior), en contra COATZINGO BAKERY & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery).

COATZINGO BAKERY & MEXICAN PRODUCTS CORP,
(d/b/a Coatzingo Bakery).

Por: _____

Título RUFINO ZAPATA: Presidente

ESTADO DE _____ ): SS

CONDADO DE _____

En 2016, antes que yo personalmente llegué _____, que me conozcan, que, por mí debidamente juramentado, hizo declarará y decir que declarante reside en _____, que declarante es el Presidente de Coatzingo Bakery & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) no se haya descrito en este documento, y que declarante ejecuta la declaración jurada anterior de la confesión del juicio en nombre de Coatzingo Bakery & MEXICAN PRODUCTS CORP, (d/b/a Coatzingo Bakery) y fue autorizado para hacerlo.

_____
Notario público

BENJAMIN PINCZEWSKI
Notary Public - New York State
No. 02PI6079906
Qualified in Kings County
Commission Expires 09/03/20

Acuerdo de conciliación y el fracaso para curar demandados, esta Confesión de sentencia debe ser protocolizado y entró en la Corte Suprema del Estado de Nueva York, Condado de Nueva York, como un juicio de $ 22,500.00 (menos las cantidades ya abonadas al demandante de conformidad con el calendario de arriba), en contra de mí, RUFINO ZAPATA.

RUFINO ZAPATA

Jurado ante mí este

____ Días del mes de julio el año 2016

Notario público

BENJAMIN PINCZEWSKI
Notary Public - New York State
No. 02PI6079906
Qualified in Kings County
Commission Expires 09/03/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — — — —

TERESA AVILA, *individually and on behalf of others* :   Index No.:
*similarly situated,*   :

                               *Plaintiff,*   :   **AFFIDAVIT OF CONFESSION OF JUDGMENT**

             -against-   :

              :

COATZINGO BAKERY & MEXICAN PRODUCTS : 
CORP, (d/b/a COATZINGO BAKERY) and RUFINO : 
ZAPATA,   :

                            *Defendants.*   :

— — — — — — — — — — — — — — — — — — — — — — — — — — x

STATE OF NEW YORK      )
                            : ss.:
COUNTY OF Quens     )

RUFINO ZAPATA, siendo jurado, declara y dice:

1.    Me residen en el Condado de Quer , NY .

2.    De conformidad con los términos del Acuerdo de conciliación y Liberación General por y entre TERESA AVILA ( "Demandante") y COATZINGO BAKERY & MEXICAN PRODUCTS CORP. (d/b/a Coatzingo Bakery), y RUFINO ZAPATA (cada uno un "acusado" y colectivamente, "Demandados"), a la que se adjunta esta declaración jurada, por la presente confeso juicio y autorizar la entrada de los mismos en el Condado de Nueva York contra mí individualmente y en favor de la demandante por la cantidad de veintidós mil quinientos dólares y cero centavos ($ 22,500.00) , menos los pagos efectuados en el marco del acuerdo de solución.

3.    Esta declaración jurada de la confesión del juicio es por una deuda justamente debido a la demandante en virtud de los términos del Acuerdo de conciliación, a la que se adjunta esta declaración jurada, que establece que los demandados deben presentar una suma total de veintidós mil quinientos dólares y cero centavos ($22,500.00) a través de tres pagos.

4.    Esta declaración jurada se hace a título oneroso, la suficiencia de la que reconoce a favor de los acusados, incluyendo, sin limitación, los términos y disposiciones del Acuerdo de conciliación.

5.    Por la presente representar a mi entendimiento de que en caso de incumplimiento del

POR TANTO, las partes de este acuerdo ahora voluntariamente y con conocimiento ejecutar este Acuerdo de la siguiente manera:

DEMANDANTE:

Por: _____
     TERESA AVILA

DEMANDADOS:

COATZINGO BAKERY & MEXICAN PRODUCTS CORP.
(d/b/a Coatzingo Bakery)

Por: _Rufino Zapata_____

Imprimir Nombre _Rufino Zapata_

Título: _President / Owner_____

Por: _____
    RUFINO ZAPATA