UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TERESA AVILA

                Plaintiff,

                                                             **ORDER**

  -against-                                                  **15 CV 6073 (LB)**

COATZINGO BAKERY & MEXICAN PRODUCTS CORP.,
*doing business as Coatzingo Bakery*, and RUFINO ZAPATA,

                Defendants.
------------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        On October 22, 2015, plaintiff filed a complaint alleging that defendants violated the Fair Labor Standards Act ("FLSA"), and provisions of the New York Labor Law ("NYLL"), by failing to pay her minimum and overtime wages. The parties reached a settlement in this matter at a mediation before me on June 23, 2016. The parties now move for Court approval of their settlement.[1] (Mot. for Settl. Approval, "Mot. Settl.," ECF No. 22; Settlement Agreement, "Settl. Agree.," ECF No. 22-1). For the reasons stated below, the settlement agreement is approved as fair and reasonable.

## BACKGROUND

        The parties agreed to a global settlement amount of $22,500. Settl. Agree. ¶ 1. Upon approval of the settlement agreement, defendants will deliver three post-dated checks to plaintiff's counsel. Id. The first check may be deposited thirty days after court approval of the settlement, the second check may be deposited ninety days after the first installment is paid, and the third check may be deposited one hundred and fifty days after the first installment is paid. Id. In the event that defendants fail to make any of the payments and fail to cure the nonpayment within seven days, judgment may be entered against defendant Rufino Zapata in the amount of

---

[1] The parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c). (ECF Nos. 21, 23.)

$22,500. Id. ¶ 2(a); see also Confession of Judgment, ECF No. 22-1. The Court notes that although the settlement agreement does not specify how the settlement award will be divided between plaintiff and her attorneys, in the motion papers plaintiff's counsel seeks $7,425 in attorney's fees and costs, which if approved means plaintiff will receive $15,075. Mot. Settl. 2–3. In consideration for the payments, plaintiff releases defendants regarding any claims related to this litigation. Id. ¶ 3. The settlement agreement does not include any confidentiality or non-disparagement clauses. The settlement agreement and related paperwork were translated into Spanish for the parties.

## DISCUSSION

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved, if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l Merchant Servs., Inc., No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). When a court reviews a FLSA settlement agreement it should "consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera v. Masada Auto Sales, LTD., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le v. SITA Info. Networking Computing USA, Inc., No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). In making this determination when the settlement does not include a certified class,[2] the Court takes into account the "(1) complexity, expense, and likely

---

[2] Plaintiff initiated this case as a proposed FLSA collective action. However, plaintiff enters into this settlement solely on her own behalf. No collective action was ever approved by the Court.

duration of the litigation, (2) stage of the proceedings, (3) risks of establishing liability, (4) risks of establishing damages, (5) ability of defendants to withstand a larger judgment, and (6) reasonableness in light of the best possible recovery and all risks of litigation." Calle v. Elite Specialty Coatings, Inc., No. 12-CV-6126, 2014 WL 6621081, at *2 (E.D.N.Y. Nov. 19, 2014) (citing Peralta v. Allied Contracting II Corp., No. 09-CV-0953, 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011) adopted, 2011 WL 3625501 (E.D.N.Y. Aug. 17, 2011) (internal citations omitted)).

The Court has considered the parties' settlement agreement and finds that the settlement reflects a reasonable compromise. Under the agreement, plaintiff receives an agreed-upon lump sum amount representing back wages and damages as well as plaintiff's attorney's fees and costs. In this action, the parties sharply disputed the number of hours plaintiff worked and the proposed settlement award is nearly the amount of plaintiff's estimated unpaid wages. Plaintiff's counsel acknowledges that defendants would not likely be able to pay more to settle the case and obtaining a greater judgment would have been both difficult to accomplish and time consuming to enforce. Mot. Settl. 2. Thus, taking into consideration the strength of plaintiff's claims as well as defendants' financial situation, the Court finds the proposed settlement reasonable. See Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a [FLSA] settlement reasonable." (citations omitted)). Furthermore, the Confession of Judgment which holds defendant Zapata personally liable in the event of non-payment protects plaintiff's interests and weighs in favor of approval of the settlement.

Plaintiff's counsel also seeks approval of attorney's fees and costs. When the settlement agreement includes attorney's fees, the Court evaluates the reasonableness of the fees. See 29

3

U.S.C. § 216(b); NYLL § 663(1); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).  Although there is a "greater range of reasonableness" where "the parties [have] settled on the fee through negotiation," Misiewicz v. Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), the Court "must carefully scrutinize the settlement and the circumstance in which it was reached . . . ", Wolinksy, 900 F. Supp. 2d at 336. To assess the reasonableness of the proposed attorney's fees, a court will review contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done to calculate the lodestar amount. Id. (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)); see also Run Guo Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13-CV-6667 (PAE), 2015 WL 5122530, *2 (S.D.N.Y. Aug. 31, 2015). Plaintiff's counsel provided time records with the motion. Mot. Settl. Ex. C,  ECF No. 22-3.

Plaintiff's counsel seeks $7,425 inclusive of attorney's fees and costs. Mot. Settl. 3. Plaintiff's counsel's requested fee is one-third of the total settlement.  "[A] one-third contingency fee is a commonly accepted fee in this Circuit."  Calle, 2014 WL 6621081, at *3; see also Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arraignment [of one third of the settlement] is routinely approved by courts in this Circuit."); Gaspar v. Pers. Touch Moving, Inc., No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) (finding a one-third contingency fee reasonable).  Furthermore, the requested contingency fee is nearly equal to the calculated lodestar.  Therefore, the Court finds a one-third contingency fee reasonable.  Accordingly, the Court approves $7,425 for attorney's fees and costs.

## CONCLUSION

The Court approves the settlement. The settlement funds shall be allocated as follows: plaintiff shall be paid $15,075 and plaintiff's counsel shall be paid $7,425 representing attorney's fees and costs. Plaintiff shall receive the full amount of her settlement award before plaintiff's counsel's fees and costs are paid in full. Plaintiff's counsel shall have this Order translated into Spanish and shall send it to plaintiff forthwith. The parties shall file a stipulation dismissing this action with prejudice by September 19, 2016.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 18, 2016
       Brooklyn, New York